EDWARDS, Judge.
Plaintiff, Customer Service Electric Supply Corporation (“Customer Service”) filed suit against defendant, SCR & Associates, Inc. (“SCR”), seeking a sum alleged to be due on open account. Plaintiff’s petition also sought an award of costs, interest and attorney fees. Defendant answered plaintiff’s petition, generally denying the allegations therein.
At the trial of the matter, however, defendant offered no opposition and judgment was rendered in favor of plaintiff in the amount of $6,819.64[1] plus legal interest and costs. The trial court denied plaintiff’s request for attorney fees. Plaintiff has appealed, asserting that the trial court erred in refusing to award attorney fees.
The last payment made by SCR on its account with Customer Service was in September of 1980. Amicable demand for fur *424 ther payments proved unsuccessful. On March 24, 1981, plaintiff’s attorney sent a demand letter, with attached invoices, to defendant’s post office box. This letter was returned by the post office stamped “Box Closed — No Order.” Plaintiff’s suit was filed on April 14, 1981.
The trial court’s denial of attorney fees was based on a holding that appellant had not strictly complied with LSA-R.S. 9:2781, which authorizes the award of attorney fees in open account suits.[2] The trial court held that the statute requires a lapse of thirty days between receipt of written demand and the filing of suit as a condition to the award of attorney fees. Since plaintiff’s suit was filed only twenty days after the demand letter was mailed, the trial court held that plaintiff was not entitled to attorney fees.
On appeal, plaintiff asserts that LSA-R.S. 9:2781 does not require a thirty-day waiting period between receipt of the demand letter and filing of suit. We conclude that it is unnecessary for us to address that issue. Assuming, arguendo, that there is no such thirty-day waiting period, plaintiff has still failed to prove its entitlement to attorney fees under the statute.
LSA-R.S. 9:2781 A requires an award of attorney fees in favor of a successful plaintiff in an open account suit when a debtor fails to pay an open account debt within thirty days after receipt of written demand. Section B of the statute allows an award of attorney fees in certain instances where delivery of written demand is attempted but not accomplished because circumstances render delivery impossible. In order to award attorney fees in such an instance, the trial judge, in his discretion, must find that there is sufficient evidence of due diligence in attempting delivery.
In the instant case, actual delivery of written demand was not accomplished. Furthermore, because of his disposition of the case, the trial judge did not address the question of whether appellant exercised due diligence in attempting delivery of written demand. However, our examination of the evidence reveals that plaintiff failed to prove the exercise of due diligence.
Cecil McAdoo, Secretary-Treasurer of Customer Service, was the only witness to testify at trial. McAdoo testified that a demand letter was sent to SCR but that no payment was forthcoming. McAdoo did not testify with regard to the return of the letter by the post office. Likewise, McAdoo did not testify with regard to any other efforts by Customer Service to deliver the demand letter to S.C.R.
As noted above, the demand letter, addressed to defendant’s post office box, was returned stamped “Box Closed — No Order.” There is no evidence in the record to suggest that plaintiff did not know the location *425 of defendant’s place of business or where to locate any officers or employees of SCR. Furthermore, we note that when suit was filed, plaintiff had defendant served through its agent for service of process. No evidence was offered to show why the demand letter could not also have been sent to that agent.
We conclude, therefore, that plaintiff failed to prove its entitlement to attorney fees under LSA-R.S. 9:2781. The evidence in the record merely shows that a demand letter sent to defendant’s post office box was returned by the post office. That fact alone would not support a factual finding that plaintiff exercised due diligence in attempting to deliver written demand to the defendant. Since plaintiff failed to prove its entitlement to attorney fees, there is no error in the trial court’s refusal to award them.
For the foregoing reasons, the judgment of the district court is affirmed. All costs of this appeal are to be paid by plaintiff-appellant.
AFFIRMED.

. The amount of the trial court’s judgment represents an apparent clerical error since plaintiffs petition alleged, and its statement of account reflects, that defendant’s open account debt was $6,819.46. Nevertheless, since defendant has neither appealed nor answered plaintiff’s appeal, that portion of the judgment is final.

. LSA-R.S. 9:2781 provides as follows:
“A. When any person fails to pay an open account within thirty days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Evidence of receipt of written demand by the spouse of the debtor, when they are living together as husband and wife, on behalf of the debtor may be introduced as evidence of written demand on the debtor.
“B. If delivery of written demand on the debtor is attempted, but not accomplished because circumstances made delivery of written demand impossible, a notation, on the envelope containing the written demand, made by the person attempting delivery stating the date of the attempted delivery, the reasons why delivery could not be accomplished, along with the initials of the person attempting delivery and making said notation may be introduced as evidence of written demand on the debtor. If the judge in his discretion finds that sufficient evidence of due diligence in delivery of written demand has been made, he may make a conclusion of written demand for purposes of justice and find that there has been written demand on the debtor.
“C. For the purposes of this Section, an open account shall include debts incurred for professional services, including, but not limited to, legal and medical services, which are rendered on a continuing basis.
“D. As used in this Section, ‘person’ means an individual, association, corporation, partnership, trust, or any other public or private legal entity.”